ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

City of Port Isabel, *et al.*,

                    *Petitioners*,

    *v.*                                    No. 23-1174

Federal Energy
Regulatory Commission,

                      *Respondent*.

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE
## OF RIO BRAVO PIPELINE COMPANY, LLC

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27, and D.C. Circuit Rules 15(b) and 27, Rio Bravo Pipeline Company, LLC ("Rio Bravo") hereby moves for leave to intervene as a party respondent in the above-captioned proceeding.[1] Rio Bravo is authorized to represent that neither the Petitioners nor the Respondent oppose the relief requested in this motion.

In support of this motion, Rio Bravo states the following:

---

[1] Pursuant to this Court's Rule 15(b), this motion "will be deemed a motion to intervene in all cases before this [C]ourt involving the same agency action[s] or order[s], including later filed cases," and any order granting this motion will "ha[ve] the effect of granting intervention in all such cases."

## I. INTRODUCTION

1. Petitioners seek review of the following issuance of the Federal Energy Regulatory Commission ("FERC" or "Commission"): Order on Remand and Amending Section 7 Certificate, *Rio Grande LNG, LLC*, 183 FERC ¶ 61,046 (Apr. 21, 2023) ("*Rio Grande* Remand Order").

2. In November 2019, the Commission granted a certificate of public convenience and necessity under Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c), authorizing Rio Bravo to construct and operate an interstate natural gas pipeline system known as the Rio Bravo Pipeline Project (the "Pipeline Project"). *See Rio Grande LNG, LLC* 169 FERC ¶ 61,131 (2019) ("Authorization Order"), *reh'g denied*, 170 FERC ¶ 61,046 (2020). The Pipeline Project involves the construction, operation, and maintenance of a new natural gas transmission system. The Pipeline Project also comprises other facilities that, together with the pipeline, will enable Rio Bravo to provide natural gas transportation service from existing facilities located in the Agua Dulce Market Area in Nueces County, Texas to the proposed Rio Grande LNG Terminal (the "LNG Terminal") in Cameron County, Texas.

3. The Authorization Order also authorized Rio Grande LNG, LLC ("Rio Grande") to site, construct, and operate the LNG Terminal pursuant to Section 3 of the Natural Gas Act, 15 U.S.C. § 717b.

4. In February 2020, several of the Petitioners here filed a petition for review challenging the Authorization Order. That petition for review was docketed in this Court as case 20-1045.

5. In June 2020, Rio Bravo filed an application with the Commission to amend the certificate of public convenience and necessity that the Commission had granted in the Authorization Order. In that filing (the "Amendment Application"), Rio Bravo proposed to reduce the number of compressor stations, eliminate certain facilities, increase the diameter of one of the pipelines, and make various other changes to the Pipeline Project. *Rio Grande* Remand Order P 2.

6. On August 3, 2021, this Court issued decisions that denied the petition for review in most respects, but remanded on certain limited issues. *See Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321. The petition was granted "with respect to Petitioners' claims that the Commission's analys[i]s of the projects' impacts on climate change and environmental justice communities w[as] deficient under [the National Environmental Policy Act] and the [Administrative Procedure Act], and that the Commission failed to justify its determinations of public interest and convenience under Sections 3 and 7 of the [Natural Gas Act]." *Id.* at 1325. The Court issued a separate per curiam judgment denying the petition for review in all other respects. *See Vecinos para el Bienestar de la Comunidad Costera v. FERC*, Nos. 20-1045, 20-1093, 2021 WL 3716769

3

(D.C. Cir. Aug. 3, 2021) (per curiam). This Court "remand[ed] without vacatur for the Commission" to address the issues identified in its *Vecinos* opinion. 6 F.4th at 1325 (emphasis removed).

7. On April 21, 2023, the Commission issued the *Rio Grande* Remand Order, which granted Rio Bravo's Amendment Application and also addressed the issues that this Court had identified in its *Vecinos* opinion. *Rio Grande* Remand Order P 3. In particular, the order supplemented the analysis in the Authorization Order by (1) "addressing the argument regarding the social cost of carbon and 40 C.F.R. § 1502.21(c)" and (2) "updating [the Commission's] analysis of the projects' environmental justice impacts." *Id.* The *Rio Grande* Remand Order "reaffirm[ed]" that the LNG Terminal "is not inconsistent with the public interest" under Section 3 of the Natural Gas Act and that the Pipeline Project is "required by the public convenience and necessity" under Section 7 of the Natural Gas Act. *Id.*

8. On May 22, 2023, several of the Petitioners here filed with FERC a request for administrative rehearing of the *Rio Grande* Remand Order.

9. On June 22, 2023, the Commission issued an order stating that, in the absence of Commission action, the Petitioners' rehearing request "may be deemed to have been denied" and that the rehearing request "will be addressed in a future order to be issued consistent with the requirements of [15 U.S.C. § 717r(a)]." *Rio Grande LNG, LLC*, 183 FERC ¶ 62,151.

10. Rio Bravo is an applicant for and a recipient of authorizations granted by the *Rio Grande* Remand Order, and it is the entity that will construct and eventually operate the Pipeline Project. Thus, Rio Bravo will be directly and substantially affected by the outcome of this matter. Moreover, Rio Bravo has a direct interest in this case that cannot be adequately represented by any other party.

## II.   ARGUMENT

### Standing

11. In the past, this Court has required "all would-be intervenors" to "demonstrate Article III standing." *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-33 (D.C. Cir. 2018). However, the Supreme Court recently held that where a government party and supporting intervenor seek the same relief (here, dismissal or denial of a petition for review), a court "err[s] by inquiring" into an intervenor's "independent Article III standing." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020). In the circumstances presented here, that recent precedent sharply undermines this Court's prior Article III standing cases to the extent they would require a respondent-intervenor to show standing. *See Env't Integrity Project v. Wheeler*, No. 20-cv-1734, 2021 WL 6844257, at *2 (D.D.C. Jan. 27, 2021) (Jackson, J.).

12. Even if this Court were to require Rio Bravo to demonstrate standing, it would readily satisfy that requirement. Rio Bravo satisfies each of the three

5

elements for Article III standing: (1) injury-in-fact, (2) causation, and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As the entity that the Commission has authorized to construct and operate the Pipeline Project, Rio Bravo is "an object of the action . . . at issue" and its standing is "self-evident" from the challenged order and administrative record. *Sierra Club v. EPA*, 292 F.3d 895, 899-900 (D.C. Cir. 2002) (citation omitted).

13. With respect to injury-in-fact, this proceeding threatens Rio Bravo with "concrete and particularized" and "actual or imminent" injuries sufficient to confer Article III standing. *Lujan*, 504 U.S. at 560 (citation omitted). Specifically, if the Petitioners were to obtain relief from this Court that even temporarily affected Rio Bravo's ability to construct or eventually operate the Pipeline Project, Rio Bravo would suffer financial harms from the disruption of its planned schedule for construction and eventual operation, as well as harms related to its contractual commitment to its project shipper, which signed a binding 20-year agreement for 100% of the firm transportation capacity that the Pipeline Project will make available. Such harms could include (but are not limited to) delay or potential interruption of construction or operation, the cost and difficulty of complying with any additional conditions imposed on remand following a decision from this Court, lost revenue, and inability to meet contractual obligations to the project's shipper if construction and operation were delayed.

14. Rio Bravo readily satisfies the causation and redressability prongs of standing. Because it is an "object of the [agency] action . . . at issue," there can be "little question that the action" the Petitioners seek—*i.e.*, the remand or vacatur of the *Rio Grande* Remand Order—will cause an "injury, and that a judgment preventing . . . the action will redress it." *Sierra Club*, 292 F.3d at 900 (quoting *Lujan*, 504 U.S. at 561-62). Conversely, a judgment denying the petition for review will avoid those economic and practical harms to Rio Bravo.

### Intervention as-of-Right

15. Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure, a motion to intervene "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." This Rule "simply requires the intervenor to file a motion setting forth its interest and the grounds on which intervention is sought." *Synovus Fin. Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991). "[I]n the intervention area the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

16. Because Rule 15(d) does not provide standards governing intervention, "appellate courts have turned to the rules governing intervention in

the district courts under [Federal Rule of Civil Procedure] 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-18 (7th Cir. 2004) (citing *Int'l Union v. Scofield*, 382 U.S. 205, 209-10, 216-17 & n.10 (1965)).  Under this rule, intervention as-of-right depends on four factors:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)); *see Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *see also Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233-34 (D.C. Cir. 2003).  Under this standard, Rio Bravo has a right to intervene in this proceeding.

17.    First, this motion is timely because it has been filed within 30 days of the filing of the petition for review (on July 10, 2023) and in advance of the deadline that this Court established for procedural motions (August 14, 2023).  *See* Fed. R. App. P. 15(d); Order at 1-2, Doc. 2007880 (July 14, 2023).

18.    With respect to the second and third factors, Rio Bravo has a direct and substantial interest in the case as the owner and developer of the Pipeline Project.  *See supra* ¶ 13; *accord Fund for Animals*, 322 F.3d at 733-34 (finding interest factors were met where intervenor would lose revenue if federal agency

8

was unsuccessful in defending appeal). Further, the same concrete and cognizable interests that establish Article III standing, discussed above, also satisfy the second factor of the intervention test. *See Mova Pharm.*, 140 F.3d at 1076 (noting that satisfying constitutional standing requirements demonstrates the existence of a legally protected interest for purposes of Rule 24(a)). As such, Rio Bravo has a direct, immediate, and substantial interest in this petition for review.

19. This Court has routinely allowed parties whose natural gas facilities are authorized by a Commission order to intervene in proceedings involving a project opponent's petition for review of such orders.[2] For example, this Court previously granted Rio Bravo leave to intervene in case 20-1045, which was the proceeding that led to the *Vecinos* opinion, which in turn led to the *Rio Grande* Remand Order that is being challenged here. *See* Order, *Vecinos para el Bienestar de la Comunidad Costera v. FERC* (No. 20-1045), Doc. 1838197 (D.C. Cir. Apr. 15, 2020). This Court also previously granted Rio Bravo leave to intervene in another appeal concerning the Pipeline Project and the LNG Terminal.[3]

---

[2] *See* Order, *Town of Weymouth v. FERC* (No. 17-1135), Doc. 1684579 (July 18, 2017) (granting intervention to Section 7 certificate holder); Order, *City of Boston Delegation v. FERC* (No. 16-1081), Doc. 1613174 (May 13, 2016) (same); *Gunpowder Riverkeeper v. FERC*, 807 F.3d 267, 270 (D.C. Cir. 2015) (noting intervention of certificate holder).

[3] *See* Order, *Vecinos para el Bienestar de la Comunidad Costera v. FERC* (No. 20-1491), Doc. 1883491 (D.C. Cir. Feb. 3, 2021). Petitioners in case 20-1491 voluntarily dismissed their appeal in August 2021.

20. With respect to the fourth factor, Rio Bravo's interests are not adequately represented by existing parties. A prospective intervenor's burden of showing inadequate representation "is not onerous," as it "need only show that representation of [its] interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also WildEarth Guardians v. Nat'l Park Serv.,* 604 F.3d 1192, 1200 (10th Cir. 2010) ("[T]he inadequate representation element of Rule 24(a)(2) also presents a minimal burden." (emphasis omitted)). It is well-settled that a government agency, charged with serving the public interest, cannot adequately represent the more narrow interests of private companies. *See Dimond*, 792 F.2d at 192-93 ("A government entity . . . is charged by law with representing the public interest of its citizens. . . . [It] would be shirking its duty were it to advance this narrower [private financial] interest at the expense of its representation of the general public interest."); *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 911-12 (D.C. Cir. 1977). For these reasons, this Court "look[s] skeptically on government entities serving as adequate advocates for private parties." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015).

21. Rio Bravo's interests in this matter are separate and distinct from the Commission's regulatory interests. The Commission's overarching interests are

10

the proper administration and implementation of the Natural Gas Act. Ultimately, the Commission is charged with advancing the "**public** convenience and necessity." 15 U.S.C. § 717f(c)(1)(A) (emphasis added). Rio Bravo's interests, on the other hand, relate to advancing its business objectives, serving shareholder interests, constructing the Pipeline Project, and meeting its contractual obligations. For example, because Rio Bravo would incur costs and disruption from a delay in construction or operation of the Pipeline Project, it would have a greater interest than, and potentially divergent litigation strategy from, the Commission in opposing any potential construction delays associated with these proceedings. If Rio Bravo is not permitted to intervene in this case, it will have no other means of representing its interests against the issues raised by the Petitioners.

22. Rio Bravo's participation will be helpful to the Court. Among other things, Rio Bravo is in a better position than the Commission to discuss the harm to the Pipeline Project, and to Rio Bravo itself, that would arise from any relief that could result in modifying the terms of the *Rio Grande* Remand Order. Rio Bravo will endeavor to coordinate with the Commission, as well as with any other respondent-intervenors, to avoid duplicative briefing and to ensure that its participation will be of assistance to the Court.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, this Court should grant Rio Bravo Pipeline Company, LLC leave to intervene in the above-captioned proceeding in support of Respondent.

Date: August 9, 2023

Respectfully submitted,

*/s/ Jeremy C. Marwell*

P. Martin Teague
Vice President & Strategic Advisor
RIO BRAVO PIPELINE
   COMPANY, LLC
2701 North Rocky Point Drive
Suite 1050
Tampa, Florida 33607
Phone: 813.282.6605
Email: Marty.Teague@enbridge.com

James D. Seegers
Damien R. Lyster
VINSON & ELKINS LLP
845 Texas Avenue
Suite 4700
Houston, Texas 77002
Phone: 713.758.2939
Email: jseegers@velaw.com

Jeremy C. Marwell
James T. Dawson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Rio Bravo Pipeline Company, LLC*

## **CERTIFICATE OF COMPLIANCE**

1.  This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,551 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f) and 27(d)(2).

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

Date:  August 9, 2023                             */s/ Jeremy C. Marwell*

                                                      Jeremy C. Marwell
                                                      VINSON & ELKINS LLP
                                                      2200 Pennsylvania Avenue, NW
                                                      Suite 500 West
                                                      Washington, DC 20037
                                                      Phone: 202.639.6507
                                                      Email: jmarwell@velaw.com

                                                      *Counsel for Rio Bravo*
                                                      *Pipeline Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2023, I electronically filed the foregoing *Unopposed Motion for Leave to Intervene of Rio Bravo Pipeline Company, LLC*, the *Corporate Disclosure Statement of Rio Bravo Pipeline Company, LLC*, and the *Provisional Certificate as to Parties, Rulings, and Related Cases* with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: August 9, 2023            */s/ Jeremy C. Marwell*

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Rio Bravo Pipeline Company, LLC*