## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| City of Port Isabel, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 23-1174 |
| | ) | |
| Federal Energy Regulatory | ) | |
| Commission, | ) | |
| Respondent. | ) | |

## MOTION OF RESPONDENT
## FEDERAL ENERGY REGULATORY COMMISSION
## TO EXTEND THE DATE FOR FILING
## THE CERTIFIED INDEX TO THE RECORD

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Respondent Federal Energy Regulatory Commission moves this Court to extend the date for filing the certified index to the record, currently set for August 28, 2023, for a period of 60 days. The extension is requested because the Commission has given notice that it intends to issue a further order on rehearing in the underlying Commission proceeding. Under the Commission's proposal, the certified index to the record would be due on October 27, 2023.

The Commission understands that Petitioners will oppose this motion.

1

## BACKGROUND

This case concerns the Rio Grande LNG project, a proposed liquefied natural gas terminal to be located in Cameron County, Texas, and the Rio Bravo Pipeline project, which will deliver gas to the terminal.  In *Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321 (D.C. Cir. 2021), the Court remanded the Commission orders authorizing the construction and operation of those projects for further explanation regarding certain specified issues.  In an order issued April 21, 2023, the Commission responded to the *Vecinos* remand and also addressed a proposed reconfiguration of the Rio Bravo Pipeline project.  *See Rio Grande LNG*, 183 FERC ¶ 61,046 (2023) (April 21 Order).

Petitioners sought agency rehearing and, on June 22, 2023, the Commission issued a notice stating that the rehearing request could be deemed denied by operation of law.  *See* 15 U.S.C. § 717r(a) ("Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied.").  But the Commission also announced that it would address the rehearing request in a subsequent order.  *See Rio Grande LNG*, 183

2

FERC ¶ 62,151 (2023).

## ARGUMENT

## I.    The Natural Gas Act requires exhaustion of the rehearing process and does not set a deadline for FERC to issue a rehearing order

1.  Natural Gas Act's "exhaustion requirement" is "unusually strict." *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 793 (D.C. Cir. 2018) (cleaned up) (interpreting Federal Power Act analog to 15 U.S.C. § 717r).  A party must state "specifically" all objections in an "application to the Commission" of an initial FERC order as a prerequisite to seeking judicial review of "such order."  15 U.S.C. § 717r(a),(b).  *Cf. Coit Indep. Joint Venture v. Fed. Savings and Loan Ins. Corp.*, 489 U.S. 561, 579 (1989) ("[E]xhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute.").

The rehearing process serves several functions:  It (1) recognizes FERC's primary jurisdiction to "correct its own errors" in an initial order, *Save Our Sebasticook v. FERC*, 431 F.3d 379, 381 (D.C. Cir. 2005); *Granholm ex rel. Mich. Dep't of Nat. Res. v. FERC*, 180 F.3d 278, 281 (D.C. Cir. 1999); (2) "afford[s] the Commission an opportunity to bring its knowledge and expertise to bear on an issue before it is

3

presented to a generalist court," *Nw. Pipeline Corp. v. FERC*, 863 F.2d 73, 77–78 (D.C. Cir. 1988); and (3) promotes judicial efficiency by potentially narrowing the issues a court must decide or "obviat[ing] the need for [judicial] review" altogether, *Clifton Power Corp. v. FERC*, 294 F.3d 108, 111-12 (D.C. Cir. 2002).

2.  To be sure, the Natural Gas Act sets a triggering event for judicial review.  If FERC "fails to act on such a[] [rehearing] application after thirty days," then "the application 'may be deemed to have been denied.'"  *Allegheny Defense Project v. FERC*, 964 F.3d 1, 12 (D.C. Cir. 2020) (en banc) (quoting 15 U.S.C. § 717r(a)).  And here, because the Commission did not act on their request for rehearing of the April 21 Order within 30 days, Petitioners have sought judicial review.  *Cf. Envtl. Defense Fund v. FERC*, 2 F.4th 953, 972 (D.C. Cir. 2021) (although a party may petition for judicial review if the Commission has not acted on its agency rehearing application in 30 days, it can instead choose to wait to petition for review until after the agency issues its promised order addressing the merits of rehearing arguments) (citing *Allegheny Defense*).

Even so, the Natural Gas Act does not compel moving immediately to record filing and merits briefing before the agency has issued its final order on rehearing.  The Act does not require that "the Commission must actually decide the rehearing application within th[e] thirty-day window." *Allegheny Defense*, 964 F.3d at 16.  To the contrary, the Natural Gas Act permits the Commission to respond to rehearing requests by issuing a substantive rehearing order "[u]ntil the record in a proceeding shall have been filed in a court of appeals."  15 U.S.C. §717r(a); *see also* §717r(b) (Upon record filing, the court assumes "exclusive" jurisdiction "to affirm, modify, or set aside such order in whole or in part.").

Nor does the Natural Gas Act set a deadline for FERC to file the agency record with the court of appeals.  And while Federal Rule of Appellate Procedure 17(a) sets a generic date for record filing of 40 days from the time a petition for review is filed, that period may be modified by the Court.  *See* Fed. R. App. P. 17(a); *see also Allegheny*, 964 F.3d at 17 (contemplating motions to extend the record filing date beyond 40 days from the date of petition for review, and noting that the court had allowed the agency nine months to file the agency record in that case).

5

## II.    Principles of exhaustion and ripeness favor allotting FERC time to issue a reasoned rehearing order before the Court proceeds to merits review

### A.    Administrative exhaustion principles favor setting a record filing date after FERC has issued a rehearing order

"Exhaust[ing] prescribed administrative remedies . . . serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992).  In deciding whether to require exhaustion in a particular case – here, by setting a record filing date *after* FERC issues its final rehearing order – the Court generally considers "'the nature of the claim presented and the characteristics of the particular administrative procedure provided.'" *Sandoz Inc. v. Becerra*, 57 F.4th 272, 278 (D.C. Cir. 2023) (quoting *Madigan*, 503 U.S. at 146).  Here, both factors counsel in favor of a modest extension of the record filing date.

**Nature of the claim presented.**  Exhaustion is appropriate for claims that require the "agency 'to apply its special expertise' and to 'produce a useful record for subsequent judicial consideration.'" *United States v. Jenkins*, 50 F.4th 1185, 1205 (D.C. Cir. 2022) (quoting *Madigan*, 503 U.S. at 145).  Here, Petitioners challenge the

6

Commission's exercise of its discretionary authority under the Natural Gas Act to authorize the construction and operation of natural gas infrastructure projects.  Moreover, the challenged order responds to this Court's request that the agency supplement the record with additional explanation regarding some of the Commission's findings.  Exhaustion of remedies "is particularly appropriate" in such circumstances.  *In re Foundation of Toxic Free Dentistry*, No. 92-1496, 1993 WL 31415, at *1 (D.C. Cir. Jan. 29, 1993).

***Characteristics of the administrative procedure.***  The characteristics of the FERC rehearing process also counsel in favor of extending the record filing deadline.  Only upon completion of that process can Congress' legislative purpose – giving FERC a second opportunity to decide an issue before merits review by a court – be realized.  *See Save Our Sebasticook*, 431 F.3d at 381; *Granholm*, 180 F.3d at 281; *Nw. Pipeline Corp.*, 863 F.3d at 77–78*; see also Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 501 (1982) (Congress' "legislative purpose … is of paramount importance in the exhaustion context because Congress is vested with the power to prescribe the basic

procedural scheme under which claims may be heard in federal

courts.").

**B.**    **Ripeness considerations also support an extension of the record filing deadline**

The pending petition is also not ripe for merits review.  Ripeness

involves a consideration of (1) the fitness of the issues for judicial

decision and (2) the hardship to the parties of withholding review.  *See,*

*e.g.*, *Flint Hills Res. Alaska, LLC v. FERC*, 627 F.3d 881, 889 (D.C. Cir.

2010).

The ripeness doctrine's "basic rationale is to prevent courts,

through avoidance of premature adjudication, from entangling

themselves in abstract disagreements over administrative policies, and

also to protect the agencies from judicial interference until an

administrative decision has been formalized and its effects felt in a

concrete way by the challenging parties." *Abbott Labs. v. Gardner,* 387

U.S. 136, 148 (1967).

1.  In deciding whether an agency action is "fit for review" a court

assesses whether "the question presented … is 'a purely legal one,'"

*Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 812

(2003) (quoting *Abbott Labs.,* 387 U.S. at 149), whether it constitutes

final agency action, and whether "further factual development would 'significantly advance [the court's] ability to deal with the legal issues presented,'" *id*. (quoting *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 82 (1978)).

The April 21 Order is not fit for review. *First*, the issues on appeal are not "purely legal." They involve, among other things, complex judgments regarding the manner in which Commission discharges its obligations under NEPA and assesses the public interest under the Natural Gas Act.

Second, further factual development in response to the Petitioners' many complaints on rehearing would assist the Court in "deal[ing] with the legal issues presented." *Nat'l Park*, 538 U.S. at 812 (cleaned up). If FERC, on rehearing, were to agree with even some of the Petitioners' arguments: "[A] favorable decision from [FERC] might yet obviate the need for review by the court." *Clifton Power*, 294 F.3d at 111-12; *see also Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007) (claim unripe where merits review might "involve [judges] in deciding issues unnecessarily, wasting time and effort" (cleaned up)). Indeed, FERC has reversed its initial decision in recent rehearing

orders.[1]  And "[e]ven if it were very likely that the Commission would deny the rehearing petition," allowing FERC to issue a rehearing order would mean that "a reviewing court would at least have the benefit of the agency's expert view of why it thought the petitioner's arguments failed."  *Save Our Sebasticook*, 431 F.3d at 382.

*Third*, the Commission intends to issue an order responding to Petitioners' request for rehearing of the April 21 Order.  While that order *is* final agency action subject to court challenge (because the 30-day period for FERC to avoid a "deemed denial" of Petitioners' rehearing applications has lapsed, *see supra* p. 4), the pendency of a future order risks "judicial interference [before] an administrative decision has been formalized" if the Court were to proceed to merits review now, *see Abbott Labs.*, 387 U.S. at 148.  In any event, the finality of agency action is not determinative in the ripeness analysis.  *See Nat'l Park*, 538 U.S. at 812 (even though the "question presented" was both

---

[1]     *See, e.g.*, *N.Y. Indep. Sys. Operator, Inc.*, "Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order," 183 FERC ¶61,130, PP 2, 31 (2023); *Broadview Solar, LLC*, "Order Addressing Arguments Raised on Rehearing and Setting Aside Prior Order," 174 FERC ¶61,199, PP 3, 20 (2021); *Potomac-Appalachian Transmission Highline, LLC*, Opinion No. 554-A, 170 FERC ¶61,050, P 8 (2020).

"purely legal" and involved "final agency action," the disputed issue was not "fit for review" because the case would benefit from "further factual development" (cleaned up)).

2. The second ripeness factor – "hardship to the parties of withholding court consideration" – also points in the same direction. Any hardship incurred by Petitioners due to a modest deferment of merits review is necessarily qualified by Congress' statutory design requiring that an aggrieved party engage in the rehearing process before seeking merits review by a court of appeals.

## CONCLUSION

The Commission respectfully requests that the index filing date be extended by 60 days, until October 27, 2023.

Respectfully submitted,

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Tel.:  (202) 502-8904
Fax:  (202) 273-0901
Email:  Robert.Kennedy@ferc.gov

August 14, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 1978 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Century Schoolbook 14-point font using Microsoft Word 2010.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory
   Commission
Washington, D.C.  20426
Tel.: (202) 502-8904
Fax: (202) 273-0901
Email: robert.kennedy@ferc.gov

August 14, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney