**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____
                                                                          )
CITY OF PORT ISABEL, THE CARRIZO  )
COMECRUDO TRIBE OF TEXAS, and    )
SIERRA CLUB                                                   )
     *Petitioners*,                                          )
                                                                          )
v.                                                                      )   No. 23-1174
                                                                          )
FEDERAL ENERGY REGULATORY       )
COMMISSION                                                )
     *Respondent*.                                         )
_____)

**PETITIONERS' JOINT OPPOSITION TO FERC'S MOTION TO EXTEND
THE DATE FOR FILING THE CERTIFIED INDEX TO THE RECORD**

The Court should deny the Federal Energy Regulatory Commission's ("FERC") motion to extend the deadline for lodging the administrative record. In at least four other recent cases, FERC has sought effectively the same delay (styled as motions for abeyances) over petitioners' objections, only to have the request denied by the Court.[1] In two other cases, FERC's motions for abeyances were

---

[1] *See Citizens Action Coalition of Indiana v. FERC*, D.C. Cir. Case 23-1046, Per Curiam Order, Doc. #2001705 (D.C. Cir. Jun. 1, 2023); *Healthy Gulf v. FERC*, D.C. Cir. Case 23-1069, Per Curiam Order, Doc. #2000940 (D.C. Cir. May 26, 2023); *Sierra Club v. FERC*, D.C. Cir. Case 23-1031, Per Curiam Order, Doc.

completely unnecessary and were promptly rendered moot, as FERC issued the anticipated rehearing order within the time originally provided by the Court, without the need for an abeyance.[2] So far as Petitioners are aware, this Court has never granted an opposed FERC motion analogous to the one here. And FERC offers nothing to substantively distinguish the motion here from FERC's prior failed attempts.

Here, as in prior cases, FERC asks the Court to delay this case while FERC acts on Petitioners' administrative requests for rehearing. Extending the deadline for lodging the record with this Court would provide FERC with additional time to issue such a response because the Natural Gas Act does not divest FERC of jurisdiction until the record is lodged. 15 U.S.C. § 717r(b). But the Natural Gas Act requires FERC to promptly act on requests for rehearing, and explicitly contemplates that if FERC fails to do so, this Court will review FERC's decision without waiting for further FERC action. 15 U.S.C. § 717r(a)-(b). The Natural Gas Act instructed FERC to respond to Petitioners' request for rehearing within 30

---

#1998869 (D.C. Cir. May 11, 2023); *American Clean Power Assn. v. FERC*, D.C. Cir. Case 22-1301, Per Curiam Order, Doc. #1988708 (D.C. Cir. Mar. 6, 2023).
[2] *See Sierra Club v. FERC*, D.C. Cir. Case 22-1235, Unopposed Motion to Govern, Doc. #1972254 (D.C. Cir. Nov. 4, 2022); Sierra *Club v. FERC*, D.C. Cir. Case 22-1235, Order, Doc. #1972819 (D.C. Cir. Nov. 9, 2022); *Sierra Club v. FERC*, D.C. Cir. Case 22-1233, Unopposed Motion to Govern, Doc. #1972252 (D.C. Cir. Nov. 4, 2022); *Sierra Club v. FERC*, D.C. Cir. Case 22-1233, Order, Doc. #1972812 (D.C. Cir. Nov. 9, 2022).

days, *i.e.*, by June 22, 2023. The existing schedule in this case gives FERC a total of 97 days, until August 28, 2023.

Tellingly, FERC provides *no explanation at all* as to why it has not already acted on Petitioners' request for rehearing. FERC extensively argues that the Court would benefit from FERC's perspective on Petitioners' rehearing request, but FERC does not even assert that it would be unable to offer that perspective in the time already provided (*i.e.*, without an extension), or that it would be unreasonably burdensome for FERC to do so. FERC can act this quickly: after this Court granted the petition for rehearing *en banc* in *Allegheny*, 943 F.3d 496 (D.C. Cir. Dec. 5, 2019), FERC repeatedly resolved rehearing requests within 30 days or shortly thereafter.[3] And FERC does not need to wait for its monthly meetings to act. In multiple recent cases, FERC has issued orders on rehearing requests without waiting for a monthly meeting,[4] including one case where FERC moved for an abeyance, petitioners opposed two days later, and FERC issued the rehearing order the next (third) day.[5]

---

[3] *See, e.g.*, *Rio Grande LNG*, FERC Dkt. CP16-454-001, Order on Rehearing and Stay, 170 FERC ¶ 61,046 (Jan. 23, 2020) (issued 31 days after request for rehearing); *Mountain Valley Pipeline*, FERC Dkt. CP16-10-007, Order Addressing Arguments Raised on Rehearing, 173 FERC ¶ 61,222 (Dec. 11, 2020) (issued 32 days after request for rehearing).
[4] *See, e.g.*, *Commonwealth LNG, LLC*, 183 FERC ¶ 61,173 (Jun. 9, 2023).
[5] *Corpus Christi Liquefaction Stage III, LLC*, 181 FERC ¶ 61,033 (Oct. 14, 2022); *Sierra Club v. FERC*, D.C. Cir. Case 22-1235, Opposition of Sierra Club and

3

On the other hand, delaying resolution of this case will harm Petitioners and the public. Counsel for Petitioners informed FERC's counsel that Petitioners would consent to an extension *if* FERC issued an administrative stay that prohibited construction for the duration of the extension. FERC has implicitly refused to issue such a stay. Thus, FERC's request for an extension would, if granted, resurrect a deleterious practice of agency delay that this Court, sitting *en banc*, found impermissible in *Allegheny Defense*. In that case, the Court rejected FERC's longstanding and pervasive practice of allowing construction of FERC-approved gas projects to commence while simultaneously barring the courthouse doors by failing to act on the requests for rehearing that are a prerequisite to judicial review under the Natural Gas Act. *Allegheny Defense Project v. FERC*, 964 F.3d 1, 10, 18-19 (D.C. Cir. 2020) (*en banc*).

---

Public Citizen to FERC's Motion for Abeyance, Doc. #1968834 (Oct. 13, 2022). In that matter, FERC issued the order on the merits of rehearing without waiting for FERC's monthly meeting.

*See also Gulf States Transmission v. FERC*, D.C. Cir. Case 21-1241, Clerk's Order, Doc. #1924006 (Nov. 24, 2021) (setting Jan. 10, 2022 deadline for filing index to record); FERC's Opposed Motion for Abeyance, Doc. #1927959 (Dec. 23, 2021); FERC's Unopposed Motion to Dismiss, Doc. #1929917 (Jan. 10, 2022) (explaining that FERC had acted to grant relief sought by rehearing request and that the appeal and abeyance motion were now moot). *See also Wisteria Johnson v. FERC*, D.C. Cir. Case 22-1120 (record due August 8, 2022; FERC issued substantive rehearing order on July 25, 2022).

4

Here, FERC again seeks to delay access to the courthouse door by continuing to argue that this Court should not actually review the petition until FERC says so. The Court should deny FERC's request for a court order effectuating the delay that FERC no longer has the authority to impose itself, and which would result in the same "Kafkaesque regime" that the Court has already rejected. *Allegheny Defense Project v. FERC*, 932 F.3d 940, 948 (D.C. Cir. 2019) (Millet, J., concurring), *rev'd on reh'g en banc*, 964 F.3d 1 (D.C. Cir. 2020).

FERC's three purported legal justifications for the extension also fall short. First, here, as in its prior abeyance requests, FERC cites pre-*Allegheny* cases articulating a general preference for allowing agencies to resolve rehearing requests prior to judicial review. FERC Motion at 3-4. However, as *Allegheny* explained, that interest must be balanced against petitioners' interest in timely judicial review. 964 F.3d at 17. And in the Natural Gas Act, Congress struck that balance by favoring prompt review. *Id.* Second, FERC invokes the doctrine of exhaustion of administrative remedies. FERC Motion at 6-8. But FERC is misguided because Petitioners have exhausted their administrative remedies by filing for rehearing. *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). FERC denied the requested relief by allowing the request for rehearing to be denied by operation of law. And, third, FERC argues that this case is not ripe until it issues an order on rehearing. FERC Motion at 8. But this argument has been rejected by this

5

Court numerous times. *See Louisiana Public Service Com'n v. FERC*, 522 F.3d 378, 372-73 (D.C. Cir. 2008) (FERC announcing that it will address issues in a future order does not render a case unripe); *Wisconsin Public Power, Inc. v. FERC*, 493 F.3d 239, 263 (D.C. Cir. 2007) (potential future action by FERC does not render case unripe). Accordingly, FERC cannot stave off judicial review of an order that remains in effect simply by stating that although it has failed to act on the rehearing request for the last four months, it still intends to do so at some point.

For these reasons, and to ensure consistency with this Court's "virtually unflagging obligation" to hear and decide cases within its jurisdiction, the Court should deny FERC's motion for an abeyance and enter a briefing schedule consistent with Fed. R. App. P. 31. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014). FERC can either take timely action on the rehearing request by May 8, 2023—with such action automatically becoming part of the record in this case, pursuant to 15 U.S.C. § 717r(b)—or FERC can stand by its order as-is, as FERC has chosen to do in some other cases. However, FERC cannot and should not be permitted to cause unjustifiable and unexplained delay to Petitioners' access to the courthouse door.

Respectfully submitted on August 15, 2023.


*/s/ Thomas Gosselin*
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org

*Attorneys for The Carrizo Comecrudo Tribe of Texas and Sierra Club*

*/s/ Gilberto Hinojosa*
Gilberto Hinojosa
531 E. St. Francis St.
Brownsville, TX 78520
956-544-4218

*Attorney for City of Port Isabel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,427 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Times New Roman 14-point font using Microsoft Word 365.

*/s/ Thomas Gosselin*
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

*Attorney for The Carrizo Comecrudo Tribe of Texas and Sierra Club*

August 15, 2023

## CERTIFICATE OF SERVICE

  I hereby certify that on August 15, 2023, I caused the foregoing document to be served via the Court's CM/ECF system.

*/s/ Thomas Gosselin*
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

*Attorney for The Carrizo Comecrudo Tribe of Texas and Sierra Club*

August 15, 2023