<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

<u>IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT</u>

| | |
|---|---|
| Vecinos para el Bienestar de la Comunidad Costera, ) <br>       Petitioner, ) <br> ) <br>   v. ) <br> ) <br> Federal Energy Regulatory Commission, ) <br>       Respondent. ) <br> _____) | No. 23-1221 |

**PETITIONER'S NON-BINDING STATEMENT
OF ISSUES TO BE RAISED**

Pursuant to the Court's August 17, 2023 order in this matter, Petitioner submits this non-binding Statement of Issues to be Raised.

Petitioner seeks review of one FERC order:

1. Order on Remand and Amending Section 7 Certificate, 183 FERC ¶ 61,046, FERC Docket Nos. CP16-454, CP16-455, and CP20-481 (Apr. 21, 2023), FERC Accession No. 20230421-3056.

The issues raised by this challenge include, but are not limited to:

1. Whether, in responding to a remand order resulting from a court's finding that FERC's final environmental impact statement was deficient, FERC has to formally supplement its environmental impact statement to cure such

deficiencies. *Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562, 567 (9th Cir. 2000).

2. Whether FERC erred by issuing the challenged order without additional NEPA review to analyze new information and circumstances.

   a. FERC had to use the formal NEPA supplementation procedures to evaluate new information and changed circumstances including FERC's new analysis of air pollution impacts, Rio Grande LNG's proposed carbon capture and sequestration system, Rio Bravo Pipeline's identification of the source of the gas to be transported to the Rio Grande LNG export terminal, and the availability of a pipeline system alternative that would reduce environmental impacts. *People Against Nuclear Energy v. U.S. Nuclear Regulatory Comm'n*, 678 F.2d 222, 234 (D.C. Cir. 1982), *rev'd on other grounds sub nom. Metro. Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766 (1983).

   b. Alternatively, Rio Grande LNG's proposed carbon capture and sequestration system is a "connected action," that must be considered before reapproving the LNG export terminal and pipeline system. 40 C.F.R. § 1501.9(e)(1).

3. Whether FERC's analysis of the projects' greenhouse gas emissions' impacts is arbitrary.

   a. FERC failed to address whether the use of the social cost of carbon to evaluate such emissions is generally accepted in the scientific community. 40 C.F.R. § 1502.21.

   b. FERC's criticisms of the social cost of carbon tool are unsupported. *Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321, 1329 (D.C. Cir. 2021).

   c. FERC's conclusion that it cannot evaluate the significance of the projects' greenhouse gas emissions or incorporate such impacts in its public interest determinations is arbitrary. *Sierra Club v. FERC*, 867 F.3d 1357 (D.C. Cir. 2017) ("*Sabal Trail*").

   d. Alternatively, FERC's refusal to evaluate and determine the significance of the projects' greenhouse gas emissions by applying its own interim guidance or to otherwise make an ad hoc significance determination is arbitrary.

4. Whether FERC's analysis of air pollution impacts to environmental justice communities is arbitrary.

   a. FERC failed to explain, or even acknowledge, substantial changes to the estimates of air pollution emissions.

b. In discussing specific pollutants, FERC failed to provide adequate analysis. For PM2.5 pollution, FERC ignored data from an air monitor closer to the terminal site than the one used by FERC. The closer air monitor shows higher baseline PM2.5 values. For ozone, FERC failed to provide any analysis and, instead, merely cited the applicants' statement that an ozone analysis was performed. FERC also failed to explain whether the supposed updated ozone analysis cured acknowledged defects in the previous analysis.

c. FERC improperly used significant impact levels to justify its determination that air pollution impacts to environmental justice communities are less than significant. FERC also failed to provide analysis sufficient to determine whether FERC included all emissions sources in its use of significant impact levels.

d. FERC improperly determined that impacts to environmental justice communities would be less than significant based on its conclusion that the National Ambient Air Quality Standards would not be exceeded. FERC must consider the possibility of significant or harmful impacts at air pollution levels below the National Ambient Air Quality Standards, especially as a result of cumulative exposure to

multiple pollutants. *Calvert Cliffs' Coordinating Comm., Inc. v. U.S. Atomic Energy Comm'n*, 449 F.2d 1109, 1123 (D.C. Cir. 1971).

e. FERC based its determination that air pollution impacts to environmental justice communities would be less than significant on the basis of a mitigation plan that has not been developed and FERC has not demonstrated that mitigation would be possible. *O'Reilly v. U.S. Army Corps of Engineers*, 477 F.3d 225, 234 (5th Cir. 2007).

f. FERC failed to identify which environmental justice communities would actually experience impacts as a result of the project and address whether the communities that would actually be harmed are disproportionately environmental justice communities.

Respectfully submitted on September 14, 2023.

*/s/* **Thomas Gosselin**
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

*Attorney for Vecinos para el Bienestar de la Comunidad Costera*