# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 23-1174**                      **September Term, 2023**

**FERC-CP16-454-003**
**FERC-CP16-455-000**
**FERC-CP16-455-002**
**FERC-CP16-454-000**
**FERC-CP20-481-000**

**Filed On: November 15, 2023** [2027253]

City of Port Isabel, et al.,

    Petitioners

    v.

Federal Energy Regulatory Commission,

    Respondent

------------------------------

Rio Bravo Pipeline Company, LLC and Rio Grande LNG, LLC,
    Intervenors

------------------------------

Consolidated with 23-1221

## O R D E R

Upon consideration of the court's order to show cause filed on October 19, 2023, and the response thereto, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that No. 23-1174, et al. and No. 23-1175, et al. be scheduled for oral argument on the same day before the same panel. It is

**FURTHER ORDERED** that the following briefing format and schedule apply in these consolidated cases:

| | |
|---|---|
| Joint Brief for Petitioners (not to exceed 13,000 words) | December 6, 2023 |
| Respondent's Brief (not to exceed 13,000 words) | February 5, 2024 |
| Joint Brief for Respondent-Intervenors (not to exceed 9,100 words) | February 12, 2024 |

# United States Court of Appeals
### For The District of Columbia Circuit

———————

**No. 23-1174**                                                        **September Term, 2023**

| | |
|---|---|
| Joint Reply Brief for Petitioners (not to exceed 6,500 words) | March 4, 2024 |
| Deferred Appendix | March 11, 2024 |
| Final Briefs | March 25, 2024 |

All issues and arguments must be raised by petitioners in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

                                                       **FOR THE COURT:**
                                                       Mark J. Langer, Clerk

                                  BY:    /s/
                                                Michael C. McGrail
                                                Deputy Clerk