# SIERRA CLUB

May 9, 2024

Mark J. Langer
Clerk of Court
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

*Via ECF*

RE:   *City of Port Isabel, et al. v. FERC*, No. 23-1174 (L) and
      *City of Port Isabel, et al. v. FERC*, No. 23-1175 (L)
      Response to Respondent FERC's Rule 28(j) Letters

Dear Mr. Langer,

Petitioners City of Port Isabel *et al.* respond to FERC's May 1, 2024
F.R.A.P. 28(j) letters. FERC omits key distinctions between these cases
and *Alabama Municipal Distributors Group, et al. v. FERC*, Nos. 22-
1101, *et al.*

In these cases, Petitioners argue that FERC violated 40 C.F.R. §
1502.21(c) by failing to use social cost of carbon even though FERC
claimed that it had no other way to evaluate the significance of the
projects' greenhouse gas emissions. Opening Br. 51-55, Reply Br. 25-27.
Neither *Alabama Municipal* nor the merits arguments in that case's
briefs cite this regulation. *Center for Biological Diversity v. FERC*, 67
F.4th 1176 (D.C. Cir. 2023), upon which *Alabama Municipal* relies (Slip
Op. 12-13), explicitly declined to address this regulation, holding that
petitioners had waived arguments thereon. 67 F.4th at 1185
(distinguishing *Vecinos para el Bienestar de la Comunidad Costera v.
FERC*, 6 F.4th 1321 (D.C. Cir. 2021)).

*Alabama Municipal* also did not address Petitioners' alternative
argument here, that FERC could have found the greenhouse gas

emissions at issue here to be facially significant, analogously to FERC's finding that greenhouse gas emissions were _in_significant in *Northern Natural Gas*, 174 FERC ¶ 61,189 (Mar. 22, 2021). Opening Br. 58. *Alabama Municipal*'s holding that FERC need not apply its draft policy statement, Slip Op. 13, is irrelevant to the argument here. Petitioners' argument is not that the emissions here exceed the policy statement's proposed threshold; it is that these emissions exceed *any* threshold FERC could plausibly adopt. Reply Br. 24-25. *Alabama Municipal* did not cite *Northern Natural* or address FERC's failure to distinguish it.

FERC's actions are evaluated on the basis a particular record, *Sierra Club v. FERC*, 867 F.3d 1357, 1375 (D.C. Cir. 2017) (distinguishing *EarthReports v. FERC*, 828 F.3d 949, 956 (D.C. Cir. 2016)), and the claims presented in the individual case, *Vecinos*, 6 F.4th at 1329 (same); *Center for Biological Diversity,* 67 F.4th at 1185 (distinguishing *Vecinos*). Because the arguments in these cases, and FERC's findings in the administrative record, differ from those in *Alabama Municipal*, *Alabama Municipal* has no bearing on the claims at issue here.

Respectfully submitted,

*/s/ Nathan Matthews*
Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 9, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

<u>/s/ Nathan Matthews</u>
Nathan Matthews

2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org