June 24, 2024

**<u>Via ECF</u>**

Mark J. Langer
Clerk of the Court
United States Court of Appeals
 for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

Re:   *City of Port Isabel, et al. v. FERC*, Nos. 23-1174(L)
       Oral Argument Held May 17, 2024
       Response to FERC's Supplemental Authority

Dear Mr. Langer:

Pursuant to F.R.A.P. 28(j), Petitioners respond to Federal Energy Regulatory Commission's ("FERC") June 17, 2024 letter on *Food & Water Watch v. FERC,* No. 22-1214 (D.C. Cir. June 14, 2024).

In that case, the Court held that the National Environmental Policy Act and Council on Environmental Quality regulations require a discussion of significance but do not explicitly require a labeling of significance. Here, Petitioners identify three sources of specific FERC authority that were not addressed in that case and require FERC to determine whether greenhouse gas emissions were "significant": a) FERC's regulation 18 C.F.R. § 380.7(a) (requiring summary of "significant environmental impacts of the proposed action") and § 380.7(d) ("[a]ny significant environmental impacts of the proposed action that cannot be mitigated"); Opening 57, 69; b) FERC's practice of making such a determination in EISs for every other impact, Opening 57, Reply 28-29; and c) FERC's decision making practices that give such a determination legal consequences, Opening 59-61, 68-69, Reply 23-24(unlike in *Food & Water Watch*, slip op. 13, Petitioners here detailed the "legal consequence" of FERC's refusal to make a determination of whether greenhouse gas emissions were significant: eliminating

potential greenhouse gas mitigation and excluding significant impacts from FERC's public interest balancing.).

FERC's letter also cites *Food and Water Watch*'s discussion of FERC's draft policy statement and its *Northern Natural* precedent, but *Food & Water Watch* did not address Petitioners' argument that emissions from the Rio Grande LNG project far exceed any greenhouse gas emission threshold FERC could plausibly adopt. Opening 58-59; and Reply 24-25 (citing *Northern Natural Gas*, 174 FERC ¶ 61,189 (Mar. 22, 2021)).

Regardless, FERC waived any argument that it is not required to determine significance. The obligation to make this determination is so deeply ingrained in FERC's practice that FERC did not dispute it in administrative proceedings; FERC argued that it was unable to make such a determination here, but never disputed that it would be required to do so if possible. Reply 22-23.

This Court should reject FERC's meritless and barred arguments regarding *Food and Water Watch*.

Respectfully submitted,

*/s/ Eric Huber*
Eric Huber
1650 38th Street, Ste. 103W
Boulder, CO 80301
(303) 449-5595
eric.huber@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure, I certify that the foregoing letter complies with:

1. the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules, setting a limit of 350 words for Supplemental Authority Letters, because this letter contains 347 words; and

2. the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point) using Microsoft Word (the same program used to calculate the word count).

*/s/ Eric Huber*
Eric Huber
1650 38th Street, Ste. 103W
Boulder, CO 80301
(303) 449-5595
Eric.huber@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on June 24, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

*/s/ Eric Huber*
Eric Huber
1650 38th Street, Ste. 103W
Boulder, CO 80301
(303) 449-5595
eric.huber@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*