Jeremy C. Marwell  
Vinson & Elkins LLP  
2200 Pennsylvania Avenue, NW  
Suite 500 West  
Washington, DC 20037  
Phone: 202.639.6507  
jmarwell@velaw.com

Varu Chilakamarri  
K&L Gates LLP  
1601 K Street, NW  
Washington, DC 20006  
Phone: 202.778.9000  
varu.chilakamarri@klgates.com

June 28, 2024

**VIA CM/ECF**

Hon. Mark Langer, Clerk  
U.S. Court of Appeals  
  for the District of Columbia Circuit  
E. Barrett Prettyman U.S. Courthouse  
333 Constitution Avenue, NW  
Washington, DC 20001

    Re:    *City of Port Isabel, et al. v. FERC*, Nos. 23-1174 *et al.* – Response to June 17, 2024 Rule 28(j) Letter (oral argument held May 17, 2024)

Dear Mr. Langer:

    As FERC explains, Petitioners' GHG-related arguments are foreclosed by *Food & Water Watch v. FERC*, No. 22-1214. There, FERC applied the exact same approach to analyzing GHG emissions as here. Slip op. 12-13. This Court confirmed that FERC's approach goes "well beyond" NEPA's requirements, and that FERC need not "label" GHG emissions as "either significant or insignificant." *Id.*

    Petitioners note that *Food & Water Watch* did not address 18 C.F.R. § 380.7. *See* Pet'rs' 6/24/2024 Letter at 1 (Doc. 2061371). But here, any argument based on that regulation is jurisdictionally forfeited and presents no basis to distinguish *Food & Water Watch*. *See* FERC Br. 51; Intervenors' Br. 31; *cf.* Reply Br. 23-24 (never addressing, and thus tacitly conceding, jurisdictional forfeiture). It is also meritless. *See* FERC Br. 52 n.6; Intervenors' Br. 31.

    Petitioners' suggestion that FERC's past "practices" oblige it to label GHG emissions as "significant" *vel non*, Pet'rs' 6/24/2024 Letter at 1, likewise fails. The only identifiable authorities Petitioners muster for this "practice"-based argument

are *Northern Natural Gas Co.*, 174 FERC ¶ 61,189 (2021), and FERC's *withdrawn* 2022 policy statement.  *See* Pet'rs' Br. 58-59; Reply Br. 21, 24; *accord* Rehearing Request at 46-47, JA845-846.  *Food & Water Watch* rejected the argument, based on those same sources, that FERC's current approach improperly deviates from past practice.  *Food & Water Watch*, slip op. 14; *accord* Reply Br. 14, No. 22-1214 (Doc. 2006429) (asserting legal consequence of lack of significance determination).

Finally, FERC did not waive the argument that it need not determine significance, Pet'rs' 6/24/2024 Letter at 2.  FERC's explanation that it "satisfied [its] obligations under NEPA" without "characterizing [the GHG] emissions as significant or insignificant," Remand Order P101, JA48, necessarily encompasses the proposition that FERC has no such obligation.  Regardless, it is now "clearly correct" under circuit law that FERC had no NEPA obligation to label the Projects' GHG emissions as significant or insignificant; thus Petitioners wrongly (if implicitly) seek a "pointless" remand for FERC to reiterate this now-obvious legal proposition.  *Oglala Sioux Tribe v. U.S. Nuclear Regul. Comm'n*, 45 F.4th 291, 304 (D.C. Cir. 2022).

                                                     Respectfully submitted,

*/s/ Jeremy C. Marwell*              */s/ Varu Chilakamarri*
*(by permission)*

Jeremy C. Marwell                     Varu Chilakamarri
Vinson & Elkins LLP                 K&L Gates LLP
2200 Pennsylvania Avenue, NW     1601 K Street, NW
Suite 500 West                          Washington, DC 20006
Washington, DC  20037            Phone: 202.778.9000
Phone: 202.639.6507                 varu.chilakamarri@klgates.com
jmarwell@velaw.com

*Counsel for Respondent-Intervenor*   *Counsel for Respondent-Intervenor*
*Rio Bravo Pipeline Company, LLC*    *Rio Grande LNG, LLC*


cc:     All Counsel of record (via CM/ECF)

## **CERTIFICATE OF COMPLIANCE**

1.    This letter contains 345 words, excluding the parts of the letter exempted by Federal Rule of Appellate Procedure 32(f).

2.    This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this letter has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

Date: June 28, 2024

*/s/ Varu Chilakamarri*
Varu Chilakamarri
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Phone: 202.778.9000
varu.chilakamarri@klgates.com

*Counsel for Respondent-Intervenor Rio Grande LNG, LLC*

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on June 28, 2024, I electronically filed the foregoing letter with the Clerk of the Court for the U.S. Court of Appeals for the D.C. Circuit using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Date: June 28, 2024

*/s/ Varu Chilakamarri*
Varu Chilakamarri
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Phone: 202.778.9000
varu.chilakamarri@klgates.com

*Counsel for Respondent-Intervenor*
*Rio Grande LNG, LLC*