FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, D.C. 20426

July 22, 2024

<u>*Via ECF*</u>

Mark J. Langer
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

**Re:**   *City of Port Isabel, et al. v. FERC*, Nos. 23-1174, *et al.*
           <u>Rule 28(j) Letter (argued May 17, 2024)</u>

Dear Mr. Langer:

The Court's opinion in *Healthy Gulf v. FERC,* No. 23-1069, does not help Petitioners' contention here that 40 C.F.R. § 1502.21(c) requires use of the social cost of carbon, or some other generally-accepted scientific methodology, to determine whether the Project's "emissions were 'significant' under NEPA." Pet'r Br. 51.

First, NEPA does not require a binary significance determination. *See Food & Water Watch v. FERC*, 104 F.4th 336, 346 (D.C. Cir. 2024). *Healthy Gulf* found that *Food & Water Watch* did not apply because the Commission orders there did not dispute that NEPA requires an up-or-down call. Slip Op. 6 n.2. Here, however, the Commission unequivocally stated that its analysis "satisfied our obligations under NEPA," even though it did not "characteriz[e] the[] emissions as significant or insignificant." Remand Order P 101, JA48; *see also* Remand Rehearing Order P 58, JA210; Resp't Br. 52-53.

Second, *Healthy Gulf* faulted the Commission for failing to distinguish *Northern Natural Gas Co.*, 174 FERC ¶ 61,189 (2021), a case where the Commission found emissions to be facially insignificant without using any threshold. Slip Op. 10-12. Here, the Court lacks jurisdiction to consider any claim based on *Northern Natural* since Petitioners did not raise it on rehearing. *See* Reh'g Req. JA841-46; *see also* 15 U.S.C. § 717r(b). Moreover, the remand was about the applicability of section 1502.21(c), which concerns generally-accepted scientific methodologies. The regulation does not encompass judgment calls like that made in *Northern Natural*. *See* Resp't Br. 49-51.

Finally, Petitioners invite the Court to find that section 1502.21(c) requires use of the social cost of carbon in an "open-ended" discussion of the "significan**ce** of greenhouse gas emissions." Pet'r Ltr. 2. From the start, however, Petitioners have asserted that NEPA requires a binary determination of where Project emissions fall on the "line separating significant from insignificant." Reply 24; *see also* Pet'r Br. 50-59. It is far too late to inject a new argument. In any event, the Court has already found that the same analysis conducted here "went well beyond" NEPA's requirement to discuss the significance of project impacts. *Food & Water Watch*, 104 F.4th at 346.

> Respectfully submitted,
>
> */s/ Robert M. Kennedy*
> Tel.: (202) 502-8904
> robert.kennedy@ferc.gov
>
> *Counsel for Respondent*
> *Federal Energy Regulatory Commission*

cc: service list

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered users by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney