No. 23-1174 (L), 23-1221

IN THE

# United States Court of Appeals for the District of Columbia Circuit

CITY OF PORT ISABEL, ET AL.,
*Petitioners*,

*v.*

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent,*

RIO BRAVO PIPELINE COMPANY, LLC; RIO GRANDE LNG, LLC
*Intervenors for Respondent.*

On Petition for Review of Orders of the Federal Energy Regulatory Commission

**INTERVENOR RIO GRANDE LNG'S REPLY IN SUPPORT OF ITS MOTION FOR A 30-DAY EXTENSION OF TIME**

Geoffrey Shaw
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1201 355 S. Grand Avenue
Los Angeles, CA  90071

Robert M. Loeb
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Ave., NW
Washington, DC  20037
(202) 339-8400

Lisa M. Tonery
Andrew D. Silverman
Emily Villano
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

*Counsel for Intervenor Rio Grande LNG*

Intervenor Rio Grande LNG hereby responds to Petitioners' opposition to Rio Grande's motion for a 30-day extension of the current deadline for parties to seek rehearing and rehearing en banc.

1.  Petitioners' opposition largely rests on purported harms if construction of the Rio Grande project continues.  Opp. 1-2, 3.  In so arguing, Petitioners make the same misleading arguments about the purported impacts of construction that they made to this Court in their earlier rejected motion to stay the Commission's reauthorizations.  *See* Pets.' Mot. for a Stay at 12-16 (Feb. 2, 2024).  The Commission fully rebutted these arguments—pointing out, for example, that the potential air emissions Petitioners complain about are not anticipated for years, if at all.  *See* FERC, Opp. to Pets.' Mot. for a Stay at 20-22 (Feb. 12, 2024).  And, with no harm to support their motion, this Court denied Petitioners' stay motion.  Order (Mar. 1, 2024).

Similarly, there is no material harm to support rejection of the modest extension sought here.

2.  Petitioners also suggest that if construction is allowed to continue, it will somehow taint the Commission's consideration of whatever issues remain after rehearing proceedings are completed,

1

tilting the scales in favor of reauthorizations. Opp. 1-2. Yet, there is no valid reason to expect that the Commission's decision on remand will be guided by anything other than its mandate to approve the Rio Grande project unless it finds that the project will not be consistent with the public interest. *See* 15 U.S.C. § 717b(a).

3. The harms that are most relevant and salient here are not those future and imaginary harms—previously rejected by this Court—cited by Petitioners, but rather those harms that will be triggered if the ongoing construction of this $18.4 billion LNG facility must be halted prior to Intervenor having the opportunity to seek further review. The petition for rehearing and rehearing en banc will explain that the panel's decision conflicts with Supreme Court and Circuit precedent, and creates clear conflicts with other circuits. If the panel's ruling goes into effect and if it halts construction, it would put the entire $18.4 billion project at risk, endanger thousands of good-paying jobs, have devastating consequences for the local economy, and deter the building of future major energy infrastructure projects.

The additional time is necessary to fulsomely present those important arguments to this Court. Notably, the requested additional

2

time will allow the entities and groups at greatest risk of suffering those harms to find counsel and prepare and submit amicus briefs explaining the impending severe consequences. Those amicus briefs will provide details regarding the real-world impacts of the panel's ruling that no other party can provide.

4. As explained in the extension motion, Rio Grande's August 20 filing of a request to withdraw consideration of its Carbon Capture Sequestration proposal before the Commission also supports the request for additional time to file for rehearing. If no protest to the withdrawal is filed (and none has been filed to date), the withdrawal will be effective 15 days after the withdrawal filing. If a protest is filed, the Commission will then decide whether to accept or "disallow … [the] withdrawal." 18 U.S.C. § 385.216. Whether the withdrawal goes into effect directly implicates the issues Rio Grande pursues in its petition. The short additional time requested will allow that process to play out.

5. The request for an extension of time is made in good faith and will allow new counsel time to present the rehearing issues to the panel and the en banc Court, and coordinate with the other parties to this litigation. It will also allow counsel for amici to ensure that their briefs

3

in support of further review are not duplicative or redundant. Petitioners have provided no sound basis for denying the additional time requested to perform those necessary functions.

## CONCLUSION

For the foregoing reasons, this Court should grant the requested 30-day extension of time (to and including October 21, 2024) for all parties to petition for rehearing and rehearing en banc in these consolidated cases.

Respectfully submitted,

*/s/ Robert M. Loeb*

| | |
|---|---|
| Geoffrey Shaw | Robert M. Loeb |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 1201 355 S. Grand Avenue | 2100 Pennsylvania Ave., NW |
| Los Angeles, CA 90071 | Washington, DC 20037 |
| | (202) 339-8400 |
| | |
| | Lisa M. Tonery |
| | Andrew D. Silverman |
| | Emily Villano |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 51 West 52nd Street |
| | New York, NY 10019 |

*Counsel for Intervenor Rio Grande LNG*

4

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 674 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert M. Loeb*
Robert M. Loeb
*Counsel for Intervenor Rio Grande LNG*

# CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on August 29, 2024, I electronically filed the foregoing "INTERVENOR RIO GRANDE LNG'S REPLY IN SUPPORT OF ITS MOTION FOR A 30-DAY EXTENSION OF TIME" with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Robert M. Loeb*
Robert M. Loeb
*Counsel for Intervenor Rio Grande LNG*