Feb. 3, 2025

**<u>Via ECF</u>**

Clifton Cislak
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

Re:   *City of Port Isabel, et al. v. FERC*, Nos. 23-1174(L)
        Oral Argument Held May 17, 2024
        Response to FERC's Supplemental Authority

Dear Mr. Langer:

      Pursuant to F.R.A.P. 28(j), Petitioners respond to intervenor Rio Grande LNG's January 23, 2025 letter on supplemental authorities.

      First, no party has petitioned for rehearing of the panel's holding that FERC must prepare a supplemental environmental impact statement ("SEIS") to address an alternative design implementing carbon capture and sequestration. Similarly, intervenors have not seriously disputed the holding that FERC's rejection of nearby air monitoring data was arbitrary. Resp. to Reh'g Pet. at 12 (Dec. 9, 2024). This case will be remanded to FERC, and an SEIS required, even if rehearing is granted. Moreover, these holdings themselves support vacatur.

      Second, withdrawal of executive orders on environmental justice is irrelevant to the panel's merits holding. As to remedy, on remand, if FERC argues that it need not or cannot consider environmental justice, Petitioners Port Isabel *et al.* anticipate arguing that NEPA's "hard look" obligation requires some consideration of environmental justice. This issue has not been briefed to FERC or this Court. For purposes of the first *Allied-Signal* prong, the Court cannot assume that arguments the

public has not yet had an opportunity to raise will not be persuasive, as the panel recognized with other air and environmental justice issues. Op. 19.

Third, Rio Grande argues in passing that the January 20, 2025 Executive Order prohibited consideration of "nonstatutory requirements, such as environmental justice review," and that this weighs against vacatur. Consideration of environmental impacts is a statutory requirement of the Natural Gas Act, as affirmed by the Supreme Court and this Court. *NAACP v. Fed. Power Comm'n*, 425 U.S. 662, 670 n.6 (1976); *Myersville Citizens for a Rural Cmty., Inc. v. FERC*, 783 F.3d 1301, 1307 (D.C. Cir. 2015). In many cases—including here—environmental impacts cannot be understood without consideration of the population that will be exposed to them. It may be that, on remand, FERC can meet its NEPA and Natural Gas Act obligations without following every recommendation of the environmental justice guidance documents that FERC explicitly adopted here. But that does not mean that FERC will be able to refuse to consider environmental justice at all.

Respectfully submitted,

*/s/ Nathan Matthews*
Nathan Matthews
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*


*/s/ Gilberto Hinojosa*
Gilberto Hinojosa

531 E. St. Francis St.<br>
Brownsville, Texas 78520<br>
(956) 554-4218<br>
ghinojosa@ghinojosalaw.net<br>
*Attorney for City of Port Isabel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure, I certify that the foregoing letter complies with:

1. the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules, setting a limit of 350 words for Supplemental Authority Letters, because this letter contains 347 words; and

2. the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point) using Microsoft Word (the same program used to calculate the word count).

*/s/ Nathan Matthews*
Nathan Matthews
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

*/s/ Nathan Matthews*
Nathan Matthews
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Carrizo Comecrudo Tribe of Texas, Sierra Club, and Vecinos para el Bienestar de la Comunidad Costera*