**FEDERAL ENERGY REGULATORY COMMISSION**
**WASHINGTON, DC 20426**

**DECISION ISSUED AUGUST 6, 2024; PETITIONS FOR REHEARING PENDING**

February 6, 2025

*Via ECF*

Clifton B. Cislak
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC  20001

**Re:**  *City of Port Isabel, et al. v. FERC*, Nos. 23-1174, *et al.*
  Response to Petitioners' February 3, 2025 Rule 28(j) Letters

Dear Mr. Cislak:

In their February 3 letters, Petitioners assert that the recent revocations of Executive Order 11,991 (which purportedly empowered the Council on Environmental Quality to issue regulations) and Executive Order 12,898 (which directed agencies to perform environmental justice analyses) are "irrelevant."  The Commission disagrees.  At the very least, revocation of these Executive Orders underscores that vacatur of the Commission's authorization of the Rio Grande and Texas LNG Projects was unwarranted.

The panel characterized the Commission's failure to present its updated environmental justice analysis in conformance with the CEQ's regulations – i.e., in a supplemental environmental impact statement, rather than in the Commission's orders – as a "fundamental" error that outweighed the "significant disruption" of vacatur.  Op. 34; *see also id.* 12, 16, 20 (relying on CEQ regulations).  The legal directive to conduct that analysis has now been revoked, Exec. Order 14,173 § 3, 90 Fed.

Reg. 8633 (Jan. 21, 2025), with the admonition that regulatory processes "adhere to only the relevant legislated requirements for environmental considerations." Exec. Order 14,154 § 6, 90 Fed Reg. 8353 (Jan. 20, 2025). And the legal authority for the purported procedural requirements of that analysis – CEQ's regulations – has likewise been deemed "ultra vires," *Marin Audubon Soc'y v. FAA*, 121 F.4th 902, 908 (D.C. Cir. 2024), and the Executive Order giving rise to those regulations has been revoked. *See* Exec. Order 14,154 § 5.

Given these developments, any perceived flaws in the Commission's earlier analysis cannot outweigh the devastating consequences that will result from vacatur of the Commission's authorizations. *See* FERC Resp. 13-14, 21-22 (Doc. #2088704).

Whatever Petitioners may argue about the obligations imposed by NEPA itself, they do not – and cannot – dispute that the Commission has twice examined the impacts to the surrounding communities and has twice concluded that the only potentially significant impact would be cumulative visual impacts. *See id.* 6-11. In such circumstances, vacatur is not warranted.

The Commission would welcome the opportunity to present supplemental briefing, if helpful to the Court, on the recent Executive Orders.

Respectfully submitted,

*/s/ Robert M. Kennedy*
Tel.: (202) 502-8904
robert.kennedy@ferc.gov

*Counsel for Respondent*
*Federal Energy Regulatory Commission*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 6, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered users by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney